CHASEZ, Judge.
The plaintiff, Daniel Richmond, instituted this suit against the defendants, Louisiana Speedwa; y 500, Inc. and Doris Cher-amie, to recove'.r damages for personal injuries he receivt id when a racing car driven by Doris Cheran lie at the Louisiana Speedway 500 careene d off the track and struck the plaintiff whe, re he was standing in the infield. Before ; the matter came to trial, the Insurance Cor, npany of North America, who had paid \ vorkman’s compensation benefits to the pla intiff, intervened and in a joint supplements d petition, it caused certain underwriters oi' policy issued by Lloyds of London Insuranci e Company to be joined in the suit.
The Underwriters at Lloyds excepted to the amended petitio. n alleging no right and/or no cause of a< :tion, but no evidence was taken on this' ei cception. They also filed a motion for summary judgment *142 wherein ] Lloyds alleges their policy excludes the catej jory of attendants to which th e plaintiff belongs.
From ' a judgment dismissing the s uit against I Irancis E. Brander for himself ;and as repre! sentative underwriter for the po .licy issued tn f Lloyds of London Insurance (Company, th ne plaintiffs Daniel Richmond and the Inst irance Company of North Arr ierica have pr ossecuted this appeal.
The ■ pe tition reveals that the plair itiff is employ ed by Kagan’s Ambulance Ser vice as a drive :r. On January 2, 1966 plaint iff was instrut ;ted. by his employer to dri ,ve and attend, this ambulance at Louisiana. Speedway 5j00 I nc. in accordance with a contract betwi sen Louisiana Speedway 500 and Kazan’s Ambulance Service. At the time of t’he injury plaintiff had parked ' his ambu-lam ce in the infield and was star iding in a pic ,kup truck parked near his am! bulance in or der that he might obtain a ' view of a “i powder puff” derby that was being run. 7 Che “powder puff” derby was a race of ' female participants which was run at the end of the normal race schedu/ie. During this race a car driven by defer idant, Doris Cheramie, went out of contro'1 at a point several hundred feet from the place where plaintiff was standing. No'ting that the Cheramie car was coming toi ward the pickup truck, the plaintiff after npted to jump to safety but was struck in midair by the erratically moving car.
Lloyds agrees with the: foregoing description of the facts, but alleges that the plaintiff is excluded iron a their coverage as an employee on or abe mt the premises.[1] In support of this allegat' ion, Lloyds points out both in the original j petition and in the brief on appeal that the plaintiff avers he was “in the course and s cope of his employment as an ambulanci s attendant” while standing on the pickup truck.
The question posed for this court’s consideration is twofold: 1) Is there a dispute of material fact such as to preclude the rendition of a summary judgment? 2) If the summary judgment procedure is correct, then was the issue of law correctly decided ?
The first question may be disposed of quite readily. Article 966 of the Code of Civil Procedure as amended permits a summary judgment provided there is no genuine issue of material fact and further that mover is entitled to judgment as a matter of law. As the plaintff’s original petition admits his presence on the pickup truck parked in the infield at the time of the accident was “all in the course and scope of his employment as an ambulance attendant” and as Lloyds’ motion for summary judgment agrees with plaintiff’s description of the accident as set out in the petition, then we are led to the inevitable conclusion that there is no issue of genuine fact.
Although plaintiff has offered to produce two witnesses to substantiate the position of the accident and the reason for plaintiff’s presence there, we do not find that a proof of the allegations contained in the petition would render the summary judgment invalid. Indeed, the petition on which Lloyds has based its motion needs no further proof, and the only controversial factor is the dispute concerning the plaintiff’s possible exclusion as one who is “employed on or about the premises.”
The interpretation of the exclusion clause and its reliance on some means of employment as a basis for definition is the sole question remaining before us. As stated previously plaintiff alleges that at the moment of his injury he was in the course and scope of his employment as an ambulance driver. His immediate employer was Kagan’s Ambulance Service who had in *143 structed plaintiff to attend the races in accordance with a contract between Louisiana Speedway 500 and Kagan. Although plaintiff reiterates in his brief filed with this court that he was within the course and scope of his employment with Kagan, he attempts to prove that he was a spectator with respect to the Speedway liability policy.
We find as the trial court surely did that the spectator argument is somewhat strained and in this context illogical. Although plaintiff was observing the race at the time of the injury, he was at the same time acting in the course and scope of his employment as an ambulance driver. There is no dispute as to this fact, but plaintiff attempts to distinguish the word employed from employment in that the former requires some activity or that he is actually engaged in the tasks of his employment.
We cannot abide by the inevitable conclusions of this argument for some tasks require a passive waiting period along with the periods of more intense activity. The ambulance driver is a classic example of this type employment for he is called on to perform only when someone is injured on the track. In the interim he is required to stand by ready to bring his ambulance into action. Although plaintiff had climbed on a nearby pickup truck to get a better view of the race, this activity cannot convert his position as an ambulance driver employed on the premises into a spectator. Moreover, since he avers that he is in the course and scope of his employment both in his original petition and in the brief on appeal and then alleges that he is a spectator for the purpose of avoiding the exclusion clause of the Speedway’s liability policy, then one of these statements must fail.
There is no basis on which to deny the fact that plaintiff was employed as an ambulance driver at the time of his injury. Although he was observing the race, one cannot logically call him a spectator when he was actually waiting in the course and scope of his employment to be called into action as an emergency may arise. For these reasons we find him to be “employed on or about the premises.” He was under the direction of his employer, Kagan, who in turn was under contract with the Speedway. Although plaintiff was not directly employed by the Speedway, he certainly falls within the exclusion 3(a) as contemplated by the terms of the policy.
Therefore, we find the decision of the trial court to be correct. As hereinbefore stated, the summary judgment procedure was correctly utilized in the trial court’s original determination; accordingly the judgment in favor of Francis Everett Brander for himself and as representative underwriter for those underwriters subscribing Policy No. F 76363 issued by Lloyds of London Insurance Company to Louisiana Speedway 500, Inc. and against Daniel Richmond and Insurance Company of North America is affirmed. All costs of appeal to be borne by appellants.
Affirmed.

. The exclusions includ .ed in Lloyds’ policy read as follows:
1. This policy excludes liability: * * * (a) to all participants, pit attendants, mechamicis, stewards, and other officials and to all persons employed on or about the premises * *